UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 09-80182-CIV-MARRA/JOHNSON

PALM BEACH GRADING, INC.
and BILLY SILAS,

    Plaintiffs,

v.

PICERNE CONSTRUCTION/
FBG, L.L.C.,

    Defendant.
_____/

## ORDER AND OPINION GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss For Lack of Personal Jurisdiction or, in the Alternative, Motion to Transfer Venue [DE 6 & 8]. The motion is fully briefed and ripe for review. The Court has carefully considered the filings and is otherwise fully advised in the premises.

**Introduction**

Plaintiff Palm Beach Grading, Inc. ("PBG") is a Florida corporation engaged in the business of construction. Complaint ("Compl.") ¶ 3. Plaintiff Billy Silas ("Silas") is *sui juris* and a resident of the State of Florida. Compl. ¶ 4. Defendant Picerne Construction/FBG, LLC ("Picerne") is a foreign limited liability company organized under laws of the State of Delaware and doing business in North Carolina. Compl. ¶ 5. Between 2004 and 2006, Picerne entered into several subcontracts with an entity

named PBG of North Carolina, Inc. ("PBGNC") regarding the Fort Bragg Housing Privatization Project located in North Carolina. Compl. ¶ 9. Picerne has sued PBGNC in North Carolina for breach of these subcontracts and asserted that PBG and Silas are the alter egos of PBGNC. Compl. ¶ ¶ 10, 12.

Plaintiffs PBG and Silas filed the instant Complaint in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, for declaratory relief under Chapter 86 of the Florida Statutes. Plaintiffs state "the necessity of this action arises because Picerne alleges that Plaintiffs performed internal business transactions and organized its business dealings in the creation of PBGNC to defraud Picerne such that Plaintiffs are the alter egos of PBGNC." DE 10 at 1. Plaintiffs claim that they are in doubt regarding their rights and obligations under the subcontract agreements entered into by and between Picerne and PBGNC. Plaintiffs seek a judicial declaration that they are not the alter egos of PBGNC. Compl. ¶¶ 12, 16. Picerne removed the action to this Court based upon diversity of citizenship of the parties, 28 U.S.C. § 1332.

**Standard of Review**

When considering a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in plaintiff's complaint as true, to the extent that they are not contradicted by defendant's affidavits. *See Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988); *Corneal v. CF Hosting, Inc.*, 187 F. Supp. 2d 1372, 1373 (S.D. Fla. 2001). The parties have submitted evidentiary materials in support of their

respective positions. While the consideration of such materials ordinarily would convert a motion to dismiss into one for summary judgment, *see* Fed.R.Civ.P. 12(b), in the context of personal jurisdiction the motion remains one to dismiss even if evidence outside the pleadings is considered. *Bracewell v. Nicholson Air Services, Inc.*, 748 F.2d 1499, 1501 n.1 (11th Cir. 1984). An evidentiary hearing on a motion to dismiss for lack of personal jurisdiction is discretionary but not mandatory. *See, e.g.*, *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir.1990); *Bracewell*, 748 F.2d at 1504. Because the parties did not request an evidentiary hearing, the Court exercises its discretion not to conduct one.

Once the plaintiff pleads sufficient material facts to form a basis for personal jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations by affidavits or other pleadings. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). When the nonresident defendant meets this burden, the plaintiff must substantiate the jurisdictional allegations in its complaint by affidavits or other competent proof," and may not merely rely upon the factual allegations set forth in the complaint. *Id.*; *Posner v. Essex Insurance Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). Where the plaintiff's evidence and defendant's evidence conflict, all reasonable inferences must be construed in favor of the plaintiff. *Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006); *Molina v. Merritt & Furman*, 207 F.3d 1351, 1356; *Morris v. SSE, Inc.*, 843 F.2d

489, 492 (11th Cir. 1988).

When there is no conflict between the parties' affidavits as to the essential jurisdictional facts, the Court can resolve the issue of jurisdiction on the basis of the affidavits.  *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989); *Wellesley Income Ltd. Partnership IV v. Gemini Equities, Inc.*, 650 So.2d 1108, 1110 (Fla. Dist. Ct. App. 1995).  The failure of a plaintiff to refute the allegations of the defendant's affidavit requires that a motion to dismiss be granted, provided that the defendant's affidavit properly contests the basis for long-arm jurisdiction by legally sufficient facts. *Venetian Salami,* 554 So.2d at 502; *Lampe v. Hoyne*, 652 So.2d 424, 425 (Fla. Dist. Ct. App.1995).

A determination of whether personal jurisdiction over a nonresident defendant exists requires a two-part inquiry.  First, the Court must consider the jurisdictional question under the Florida state long-arm statute.  *Robinson v. Fiarmarco & Bill*, P.C., 74 F.3d 253 (11th Cir. 1996); *see also* Fla. Stat. § 48.193(1). If there is a basis for the assertion of personal jurisdiction under the state statute, the court will next determine "whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice." *Mut. Serv. Ins. Co. v. Frit*

*Indus.*, 358 F.3d 1312, 1319 (11th Cir. 2004) (internal quotations omitted).  Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant. *See Robinson*, 74 F.3d at 256.

**Jurisdictional Facts**

Defendant Picerne is a Delaware corporation, with its principal place of business in the state of Rhode Island.  Affidavit of Donnell Nicholson ("Nicholson Aff."), DE 6-2, ¶ 4 .  Picerne is registered to do business and maintains an office in the state of North Carolina.  Nicholson Aff. ¶ 5.  Picerne has no place of business in the state of Florida.  Nicholson Aff. ¶ 6.  Picerne has no officers or employees in the state of Florida.  Nicholson Aff. ¶ 7.  Picerne does not transact or engage in any business in the state of Florida.  Nicholson Aff. ¶ 8.

The dispute underlying Plaintiffs' Complaint involves the Fort Bragg Family Housing Privatization Project, which consists of land development for and the construction and renovation of family housing in the state of North Carolina ("Project").  Nicholson Aff. ¶ 10.  Picerne solicited PBG to perform work for the Project.  Affidavit of Larry Manning ("Manning Aff.") ¶ 4.

Prior to the execution of the first subcontract, and again during the period between September 2004 and April 2006, Picerne required potential subcontractors to complete pre-qualification packets in order to ensure that each firm selected would "meet the standards required to become part of the team for the Project."

Nicholson Aff. ¶12.  In order to obtain the subcontracts, PBG and Silas submitted pre-qualification packages, including financial information, construction experience and references for PBG and the Silas Group to Picerne in North Carolina.  Nicholson Aff. ¶ 13, Manning Aff. ¶ 5.  At the suggestion of Picerne, PBG's shareholder Silas formed a new corporation, PBGNC, and separately capitalized PBGNC to perform work on the Project and other projects.  Manning Aff. ¶ 6.  PBG's involvement in the Project was limited to the initial stage of the bidding of the Project and neither PBG nor Silas entered into a subcontract with Picerne.  Manning Aff. ¶¶ 7, 9-10.  PBGNC entered into a subcontract with Picerne to perform work on the Project and did perform work on the Project.  Manning Aff. ¶¶ 11, 16, 21.  PBGNC was the party to the subcontract for construction on the Project.  Manning Aff. ¶ 21.

　　　Picerne sent correspondence to PBC in Florida concerning Picerne's solicitation to PBG.  Manning Aff. ¶ 8.  No representative or employee of Picerne traveled to the state of Florida to negotiate the subcontracts.  Nicholson Aff. ¶ 14.  The critical negotiations for the subcontracts were conducted in North Carolina.  Nicholson Aff. ¶ 15.  Picerne executed the subcontracts in North Carolina.  Nicholson Aff. ¶ 16. The obligations required under the subcontracts were to be performed in and around Fort Bragg in North Carolina.  Nicholson Aff. ¶ 17.  Picerne was not required to perform any obligations related to the subcontracts in the Florida.  Nicholson Aff. ¶ 18.

**Florida's Long-Arm Statute**

Florida's long-arm statute authorizes courts to exercise specific jurisdiction under § 48.193(1), Florida Statutes.  Florida's long-arm statute states, in relevant part:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts: ...
>
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

§ 48.193(1)(a), Fla. Stat.  "Because the reach of the Florida long-arm statute is a question of Florida state law, federal courts are required to construe it as would the Florida Supreme Court."  *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889, 890-91 (11th Cir. 1983) (*citing Moore v. Lindsey*, 662 F.2d 354, 357-58 (5th Cir. 1981)).

As quoted above, Florida law allows long-arm jurisdiction, among other things, where a person is "engaging in ... a business or business venture in this state ...." § 48.193(1)(a), Fla. Stat.  Plaintiffs assert that the Court has specific jurisdiction over Picerne pursuant to this provision.  Here, the affidavit of PBG's qualifier, Larry Manning, establishes that Picerne "solicited" business by sending correspondence to PBC in Florida.  *See* Manning Aff. ¶¶ 4, 8.  That is the extent of Picerne's alleged

"engaging" in business in Florida.

In contrast, as laid out in the Jurisdictional Facts section, the affidavit of Picerne's Pre-Construction Manager, Donnell Nicholson, establishes that Picerne does not transact or engage in any business in the state of Florida and that all work to be done on the Project was to take place in North Carolina. Nicholson Aff. ¶ 8, 10.

The purpose of the long-arm statute is to hold nonresidents accountable if they act within the state or if they perform specifically delineated acts outside the state that have repercussions within the state. *Intercontinental Corp. v. Orlando Regional Medical Center, Inc.*, 586 So. 2d 1191 (Fla. Dist. Ct. App. 1991) (disapproved of by, *Wendt v. Horowitz*, 822 So. 2d 1252 (Fla. 2002) on other grounds). In order to constitute doing business under § 48.193(1)(a), the nonresident defendant's activities must be considered collectively and show a general course of business activity in the state for pecuniary benefits. *Foster, Pepper & Riviera v. Hansard,* 611 So.2d 581, 582 (Fla. Dist. Ct. App. 1992) (citing *Dinsmore v. Martin Blumenthal Assoc., Inc.*, 314 So.2d 561, 564 (Fla. 1975) (holding that securities counsel's single act of preparing a private placement memorandum in Seattle which was used in Florida does not, without more, show a general course of business activity in Florida for pecuniary benefit). In determining whether Picerne engages in a business in Florida, relevant factors "include the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall

revenue gleaned from Florida clients." *Horizon Aggressive Growth, LP. v. Rothstein-Kass, PA*, 421 F.3d 1162, 1167 (11th Cir. 2005) (internal citations omitted).

Reading both Manning's and Nicholson's affidavits together, it is uncontradicted that Picerne solicited and corresponded with Plaintiffs in Florida, but otherwise Picerne engaged in no other business activity in this state. This lone jurisdictional fact does not show a "general course of business activity in the state for pecuniary benefit." *April Indus., Inc. v. Levy*, 411 So.2d 303, 305 (Fla. Dist. Ct. App. 1982); *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1322-23 (S.D. Fla. 2009) (two meetings in Florida for the purpose of negotiating an agreement that was ultimately executed outside Florida and email communication into Florida cannot be found to constitute a general course of business activity in Florida for pecuniary benefit); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 628 (11th Cir. 1996) (insufficient business activity to support personal jurisdiction over a defendant whose only activities in Florida included a series of telephone conversations from Canada to Florida and a meeting to facilitate a contract to be performed in Canada); *Bluewater Trading LLC v. Fountaine Pajot, S.A.*, No. 07-61284, 2008 WL 2705432, *5 (S.D. Fla. Jul. 9, 2008) (no personal jurisdiction over Defendant who exhibits boats in Florida once a year at the Miami International Boat Show, meets with dealer in Florida, and communicates with the dealer from outside Florida); *Musiker v. Projectavision, Inc.*, 960 F.Supp. 292 (S.D. Fla. 1997) (telephone calls made by chief executive officer of nonresident corporation to resident stock purchaser,

corporate materials faxed and mailed to purchaser, and CEO's presentation to stockbrokers at meeting in Florida did not reflect general course of business in Florida for pecuniary benefit); *Intercontinental Corp.*, 586 So.2d at 1195 (no personal jurisdiction where defendants' only contacts consisted of letters and telephone calls from Kentucky or Indiana into Florida and a single meeting attended by defendants' counsel in Florida); *Mold-Ex, Inc. v. Mich. Technical Representatives, Inc.*, No. 304 CV 307, 2005 WL 2416824 (N.D. Fla. Sep. 30, 2005) (making telephonic and electronic communications into Florida did not constitute "conducting business" in Florida). Moreover, for the purpose of satisfying the long-arm statute, a significant distinguishing factor in this case is that the subcontracts were not executed or performed in Florida, reflecting the absence of a general course of business activity for pecuniary benefit.

In Florida, long arm statutes are strictly construed, *see, e.g., Bank of Wessington v. Winters Government Securities Corp.*, 361 So.2d 757, 759 (Fla. Dist. Ct. App. 1978), and the language of the statute cannot be read broadly enough to characterize Picerne's communications with Plaintiffs as the carrying on of a business venture in this state. *See Dinsmore v. Martin Blumenthal Assoc., Inc.*, 314 So.2d 561 (Fla.1975); *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.*, 701 F.2d 889 (11th Cir. 1983). The Court concludes that Picerne was not engaged in a business venture in Florida; rather it is engaged in a business venture in North Carolina that from time to time entailed communication with at least one Florida individual and one Florida corporation. This will

not support jurisdiction under § 48.193(1)(a).

Moreover, the Court doubts Picerne's contacts with Plaintiffs would even meet the due process threshold required to sustain a finding of in personam jurisdiction. The plaintiffs must establish a defendant has certain minimum contacts with the forum state if he wishes to bring the defendant within the jurisdiction of the court. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Picerne must have performed some act to purposefully avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). A defendant may not be haled into court in a jurisdiction where his contacts with that state are "random", "fortuitous" or "attenuated". 471 U.S. at 486; *see also Cauff, Lippman & Co. v. Apogee Finance Group, Inc.*, 745 F.Supp. 678 (S.D. Fla. 1990) (exchange of information and negotiations with Florida company by letter, telex or telephone from out of state and one meeting in Florida at plaintiff's request not enough to establish minimum contacts); *SDM Corp. v. Kevco Financial Corp.*, 540 So.2d 931 (Fla. Dist. Ct. App. 1989) (single visit by representative of out-of-state company to Florida and contract with Florida resident insufficient to establish minimum contacts). The Court need not decide this constitutional issue, however, because Picerne's activities do not meet the requirements for jurisdiction contained in section 48.193(1)(a), Florida Statutes.

**Conclusion**

Plaintiffs have failed to show the exercise of personal jurisdiction over Defendant Picerne would be proper. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss For Lack of Personal Jurisdiction is GRANTED [DE 6]. Defendant's Alternative Motion to Transfer Venue is DENIED [DE 8]. The relief Plaintiffs seek may be raised in the case pending in North Carolina. This case is dismissed without prejudice. This case is CLOSED. Any pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of September, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson